UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE E.,

                 Plaintiff,

   v.                                                                            1:23-CV-1178
                                                                           (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

WAYNE E.
Plaintiff, *Pro Se*
Petersburg, New York 12138

U.S. SOCIAL SECURITY ADMIN.                    CANDACE BROWN CASEY, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER[1]

    *Pro se* Plaintiff, Wayne E., brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 9 & General Order 18.

Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 21 & 27-28. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1959, is high school educated, and has past work experience as a mechanic and firewood cutter. Dkt. No. 16, Admin. Tr. ("Tr."), pp. 303 & 308. Plaintiff alleges disability stemming from left shoulder injury, left bicep injury, back injury, and right hip pain. Tr. at p. 307. In March 2021, Plaintiff protectively applied for disability insurance benefits and supplemental security income, alleging a disability onset date of January 1, 2017. Tr. at pp. 278-288. Plaintiff's application was denied, prompting him to request a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 90-117, 122-162, & 226. On June 7, 2022, Plaintiff appeared at a hearing before ALJ Andrew Soltes. Tr. at pp. 50-89.[2] On August 2, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 11-22. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-4.

---

[2] Though pro se in this proceeding, Plaintiff was represented by counsel at his administrative hearing.

2

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act through December 31, 2019 and had not engaged in substantial gainful activity since the alleged disability onset date. Tr. at p. 14. Second, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the shoulders; degenerative disc disease with radiculopathy; back disorder; and status-post right hip surgery. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). *Id.* Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work except:

> [T]his individual is able to frequently reach. This individual is able to occasionally stoop and crouch. This individual cannot perform kneeling or crawling. He cannot climb ladders, ropes, or scaffolds. He cannot work at unprotected heights. This individual must avoid the use of heavy machinery as well as motor vehicles for work purposes.

Tr. at p. 15. Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 20. Sixth, the ALJ found that based upon Plaintiff's age, education, and RFC there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as linen room attendant, laundry laborer, and laundry worker. Tr. at p. 21. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

4

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. Plaintiff's *Pro Se* Status

Given that Plaintiff is proceeding *pro se* the Court is mindful of its obligation to "engage in a searching inquiry when deciding whether substantial evidence supports an administrative fact finding, whether or not a *pro se* litigant is perceptive enough to identify a specific evidentiary deficiency." *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue*, 269 F. App'x 109, 110 (2d Cir. 2008)). In doing so, the Court has held Plaintiff's "pleadings to less stringent standards than formal pleadings drafted by lawyers" and has construed them "to raise the strongest arguments that they suggest." *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (internal quotations and citations omitted).

### III. SEQUENTIAL ANALYSIS

Because Plaintiff has vaguely identified potential errors in the ALJ's analysis, *see generally* Dkt. No. 21, the Court has examined the record at each step of the sequential analysis for error.

"At step one of the sequential analysis, the ALJ must consider a plaintiff's work activity during the period of alleged disability." *Parks v. Comm'r of Soc. Sec.*, 2016 WL 590227, at *4 (N.D.N.Y. Feb. 11, 2016) (citing C.F.R. § 404.1520(a)(i)). "If the claimant is currently engaged in substantial gainful employment, she will be found not disabled." *Ewing v. Astrue*, 2013 WL 1213129, at *4 (N.D.N.Y. Mar. 22, 2013). Here, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date of his disability through his date last insured. Tr. at p. 14. The record supports this conclusion. Tr. at p. 302 (earnings record reflecting no income after the alleged onset date).

"At step two of the sequential analysis, the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). A condition will be found not severe when it does not significantly impact or limit the individual's ability to do basic work. *Id.* Prior to his hearing before the ALJ, Plaintiff identified arm, back, and hip pain as his disabling medical conditions. Tr. at p. 307. The ALJ found Plaintiff to suffer from the following severe impairments: degenerative joint disease of the shoulders; degenerative disc

disease with radiculopathy; back disorder; and status-post right hip surgery.  Tr. at p. 14.  The ALJ's findings at these first two steps were clearly favorable to Plaintiff and no basis for remand.

"Step three requires a determination as to 'whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.'"  *Rivas v. Barnhart*, 2005 WL 183139, at *19 (S.D.N.Y. Jan. 27, 2005) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  Here, the ALJ considered whether Plaintiff's condition met Listings 1.15. or 1.16 and concluded that it did not.  Tr. at p. 14.

Upon review, the ALJ's conclusion in this regard is supported by substantial evidence.  Listings 1.15 and 1.16 involve spinal disorders and have specific diagnostic criteria that must be satisfied.  *Elly D. v. Comm'r of Soc. Sec.*, 726 F. Supp. 3d 46, 54 (D. Conn. 2024).  There was no opinion from any medical provider noting that Plaintiff suffered from a disorder that would satisfy Listings 1.15 and/or 1.16.  *See* Tr. at p. 14.  As the ALJ stated, "the record does not document the inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements, and a documented medical need for a one-handed, hand-held assistive device, or an inability to use both upper extremities to the extent that

neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements. . . . Additionally, the record does not contain findings on imaging or in an operative report that are consistent with compromise of the cauda equina with lumbar spinal stenosis." *Id.* In fact, Plaintiff himself stated that he can lift logs and use a chainsaw. Tr. at p. 1070. Moreover, Dr. Azad opined that Plaintiff's "[c]ervical spine shows full flexion, extension, lateral flexion, and full rotary movement bilaterally." Tr. at p. 947. The Listings at issue require evidence of spinal nerve disorder and/or lumbar spinal stenosis. 4 SOC. SEC. PRAC. GUIDE § 29.01. Because there is nothing in the record satisfying this requirement, and evidence to the contrary exists, this record clearly provided substantial evidence to support the ALJ's conclusion that Plaintiff did not meet the Listings.

Prior to moving to step 4, the ALJ must determine the Plaintiff's residual functional capacity. 20 C.F.R. § 404.1520(e); *Hall v. Colvin*, 2016 WL 6989806, at *10 (N.D.N.Y. Nov. 29, 2016). "In assessing a claimant's RFC, an ALJ must consider all of the relevant medical and other evidence, including a claimant's subjective complaints of pain." *Mills v. Astrue*, 2012 WL 6681685, at *3 (N.D.N.Y. Dec. 21, 2012) (internal quotations and citations omitted); *see also Knapp v. Apfel*, 11 F. Supp. 2d 235, 238 (N.D.N.Y. 1998) ("The RFC is determined by considering all relevant evidence"). The question for the Court is whether the RFC is supported by substantial evidence. *Mills v. Astrue*, 2012 WL 6681685, at *3.

A claimant's RFC is the most he can still do despite his limitations. *Penny Ann W. v. Berryhill*, 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018). The ALJ has broad discretion "to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine [the] RFC." *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019); *see also Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6 (N.D.N.Y. Mar. 18, 2019) (it is the ALJ's role "to choose between properly submitted medical opinions."). Additionally, "[i]t is the province of the ALJ to resolve genuine conflicts in the record." *Clemons v. Comm'r of Soc. Sec.*, 2017 WL 766901, at *4 (N.D.N.Y. Feb. 27, 2017) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). As a result, when the ALJ's conclusions find reasonable support in the record, courts "will defer to the ALJ's resolution" regarding the appropriate weight to be afforded to various medical opinions. *Teresa L. v. Comm'r of Soc. Sec.*, 2020 WL 6875254, at *7 (W.D.N.Y. Nov. 23, 2020).

The ALJ here found Plaintiff had the RFC to perform medium work with the following additional limitations.

> [T]his individual is able to frequently reach. This individual is able to occasionally stoop and crouch. This individual cannot perform kneeling or crawling. He cannot climb ladders, ropes, or scaffolds. He cannot work at unprotected heights. This individual must avoid the use of heavy machinery as well as motor vehicles for work purposes.

Tr. at p. 15. When an ALJ sets forth "specific reasons" supporting the RFC determination, the RFC is supported by substantial evidence such that the decision should be affirmed. *See, e.g.*, *Botta v. Colvin*, 669 F. App'x 583, 584 (2d Cir. 2016).

Here, the ALJ undertook a thorough analysis of the medical opinions and records in explaining his conclusions.

The ALJ found that "the claimant's allegations are not fully consistent with the overall record, which shows conservative treatment, a largely unremarkable consultative examination, and routinely intact examination findings." Tr. at p. 17. In so finding, the ALJ highlighted the following medical opinions. PT Kane opined that Plaintiff had no difficulty standing or walking. Tr. at 785. Similarly, patient records show that Plaintiff "[w]alks with a normal gait," has a normal spinal contour, "[n]o obvious instability of the right hip," and full range of movement of both hips. Tr. at p. 744. Plaintiff even continued work as a logger and "described his daily activities to include using a chainsaw for cutting wood, sp[l]itting, stacking, loading, and delivering the wood." Tr at pp. 18 & 106. The ALJ concluded that "the ability to perform such heavy exertional work undermines a finding that the claimant would not be able to perform medium work with some postural and environment limitations." Tr. at p. 18. The ALJ was well within his authority to do so, as "[t]he ALJ may consider the nature of a claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole." *Sarah S. v. Kijakazi*, 2022 WL 913095, at *7 (N.D.N.Y. Mar. 29, 2022).

The RFC imposed several additional limitations on Plaintiff's ability to work, for example, limitations on his ability to climb ladders, ropes, and scaffolds and limitations on his ability to work with heavy machinery. Tr. at p. 15. The fact that those limitations appear to be based on the ALJ's overall evaluation of the record rather than being tied

11

to a specific medical opinion does not require remand because "the ALJ was not required to match every limitation in the RFC to a medical opinion and he appropriately weighed the opinions of record to determine Plaintiff's RFC." *Terri G. v. Comm'r of Soc. Sec.*, 2019 WL 1318074, at *9 (N.D.N.Y. Mar. 22, 2019) (citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)).

"Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Catalfamo v. Berryhill*, 2019 WL 1128838, at *2 (W.D.N.Y. Mar. 12, 2019) (internal quotation omitted) (citing cases); *see also Harry B. v. Comm'r of Soc. Sec.*, 2021 WL 1198283, at *13 (N.D.N.Y. Mar. 30, 2021) (citing cases). The RFC found by the ALJ was more restrictive than the medical opinions at issue and so Plaintiff can show no prejudice from its imposition. *Michael G. v. Comm'r of Soc. Sec.*, 2020 WL 7706603, at *4 (W.D.N.Y. Dec. 29, 2020). The elimination of the added restrictions would have made Plaintiff more employable, not less, and so Plaintiff cannot show how the ultimate finding that he was not disabled would have been altered if the ALJ had imposed less restrictions. *See Fiducia v. Comm'r of Soc. Sec.*, 2017 WL 4513405, at *4 (N.D.N.Y. Oct. 10, 2017) (error is harmless when it "would not have changed the outcome") (citing cases).

Steps four and five of the sequential analysis involve the application of the Plaintiff's RFC. *See* 20 C.F.R. § 404.1520(a)(4). This analysis entails:

> Step 4: The Commissioner evaluates whether the claimant's RFC would allow her to perform her past relevant work. If so, she will be found not disabled.

> Step 5: The Commissioner considers the claimant's RFC, age, education and past work experience to determine whether she is capable of performing other work. If the claimant cannot perform other work, she will be found disabled. If the claimant can perform other work, she will be found not disabled.

*Ewing v. Astrue*, 2013 WL 1213129, at *4. The ALJ called a vocational expert to testify at Plaintiff's hearing. Tr. at p.81.

> When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding.

*Boyer v. Berryhill*, 2017 WL 1207833, at *5 (N.D.N.Y. Mar. 31, 2017) (citations omitted); *see also Sontz v. Colvin*, 2016 WL 4444876, at *7 (N.D.N.Y. Aug. 23, 2016) ("An ALJ may rely on a VE's testimony regarding the availability of work as long as the hypothetical facts the expert is asked to consider are based on substantial evidence and accurately reflect the plaintiff's limitations."). The well-supported testimony of a vocational expert provides substantial evidence at steps four and five. *Carlos R.C.G. v. Berryhill*, 2018 WL 4554495, at *8 (N.D.N.Y. Sept. 21, 2018).

At step four, the ALJ concluded that Plaintiff could not perform his past relevant work as a diesel mechanic. Tr. at p. 20. Substantial evidence supports that conclusion. At the hearing, the ALJ asked the vocational expert to classify diesel mechanic work. Tr. at p. 82. The VE testified that work as a diesel mechanic was classified as "heavy" work. Tr. at p. 83. Under the identified RFC, Plaintiff could not perform heavy work.

The ALJ then went on to ask what jobs a person with Plaintiff's RFC could perform. Tr. at pp. 83-84.

Based on the VE's answers, the ALJ concluded that Plaintiff could perform other jobs existing in significant numbers in the national economy. Tr. at pp. 21 & 84. The hypotheticals posed to the VE were consistent with the properly supported RFC. Tr. at pp. 83-87. The VE testified that Plaintiff could perform work as a linen room attendant, laundry laborer, and laundry worker for a total of over 70,000 jobs in the national economy, clearly satisfying the "significant number of jobs" standard. Tr. at pp. 21 & 83-77; *see also Roe v. Colvin*, 2015 WL 729684, at *7 (N.D.N.Y. Feb. 19, 2015) (finding that 44,000 was a sufficient number of jobs in the national economy). Therefore, the VE's testimony provided substantial evidence for the ALJ's step five decision. *Cobbins v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 126, 137 (N.D.N.Y. 2012).

For the reasons set forth above, the ALJ applied the correct legal standards in applying the five-step sequential analysis and his conclusions at each step were supported by substantial evidence. The Commissioner's determination, therefore, is affirmed.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's Letter Motion regarding the status of this matter (Dkt. No. 29) is **DENIED** as moot; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 28, 2025
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge